SYLVESTER E. VILLA *vs.* HENRY HEDGE *d.b.a.* SPEED'S SALES & SERVICE.

#### MARCH 15, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of assumpsit which was tried to a jury in the superior court after the plaintiff's motion for a summary judgment on the pleadings was denied. The jury returned a verdict for the plaintiff in the sum of $2,000 plus interest, and thereafter the defendant filed a motion for a new trial which was denied. The case is here on his bill of exceptions to that decision, to several evidentiary rulings, to certain portions of the charge, and to the refusal of two requests to charge.

The plaintiff based his cause of action on a written agreement, a copy of which he annexed to his declaration and made a part thereof. The declaration alleges that he and

defendant were partners engaged in operating a garage and gasoline station and in buying and selling automobiles under the name of "Speed's Sales & Service" until April 8, 1958, when they agreed to dissolve the partnership.

The declaration also alleges that they executed a dissolution agreement in writing under which plaintiff agreed to sell and defendant agreed to purchase all the assets of the partnership and to assume all of its liabilities. It further alleges that by the terms of the agreement defendant was to pay plaintiff $3,000 in cash and a further sum of $2,000 in equal annual payments of $500 with the express provision that failure to make any such payment when due would render the whole amount due and payable forthwith.

The plaintiff avers that he sold, transferred and assigned all the assets as therein agreed to defendant. He further avers that defendant on his part has failed to make the first annual payment which was due on October 8, 1958, and therefore the full amount of $2,000 became due and payable, which amount defendant has refused to pay.

The defendant filed the general issue plea of non assumpsit, but apparently he did not intend to deny thereby the agreement alleged in the declaration nor the alleged breach thereof. On the contrary he filed an affidavit of defense which substantially admitted the agreement and plaintiff's transfer of all partnership assets to him. But it further alleged that plaintiff after such transfer removed from the partnership premises certain articles of personal property belonging to the partnership to the value of $1,200. On the basis of such allegation defendant claimed plaintiff was indebted to him in the sum of $1,200 as an indebtedness arising out of plaintiff's same cause of action.

The office of an affidavit of defense is to preclude entry of a summary judgment by showing to the satisfaction of the court that there is a substantial question of fact in dispute. *Henry W. Cooke Co.* v. *Sheldon,* 53 R. I. 101. The

defendant's affidavit does not dispute the essential allegations of the declaration. Rather it confesses them and introduces new matter, namely, a tortious taking by plaintiff of some of the transferred property, for which defendant claims damages. However, the affidavit evidently satisfied the court and therefore the motion was denied. The case thereupon proceeded to trial ostensibly on the general issue but in reality on the merits of defendant's affidavit of defense. In the course of the trial it very soon developed that the parties were in contention only over the new facts alleged in such affidavit.

Without objection on the part of plaintiff, defendant appears to have relied upon the affidavit as in the nature of a plea in set-off or recoupment. Recoupment implies that the plaintiff has a cause of action and goes only to mitigation of his damages. 80 C.J.S. Set-Off and Counterclaim (Recoupment) §2, p. 5. It is a defense which arises out of some feature of the transaction upon which his action is based. *Bull* v. *United States*, 295 U.S. 247. Only by treating the affidavit here as in the nature of a plea of recoupment could defendant introduce evidence charging plaintiff with indebtedness for taking articles from the garage after he had sold and transferred all the assets of the partnership. He could not do so under the general issue plea of non assumpsit. *Arava* v. *Bebe*, 48 R. I. 478. Although a plea in set-off or recoupment is not in all respects a plea of confession and avoidance, *Stern & Co.* v. *J. P. Brady Co.*, 83 R. I. 246, we think the affidavit of defense here is to all intents and purposes such a plea. It substantially admits plaintiff's cause of action and raises a new issue on which defendant relies to reduce the damages laid in the declaration.

At the outset of the trial on the merits while plaintiff was testifying concerning conversations between him and defendant as to the details of the dissolution agreement and as to what he, plaintiff, planned to do after the dissolution

his counsel elicited the following testimony over defendant's objection. "42 Q. And this was agreed between the two of you? A. But we had many, many verbal discussions between the two of us, what we would do, what figures we would arrive at, about how we was to go about it, and, of course, those things were not put on paper." "49 Q. I will ask you whether or not it was contemplated when you men were discussing these things, was it contemplated and discussed between you two men that Mr. Hedge would get this real estate and these cars? A. Yes." "50 Q. And parts? A. Yes." "56 Q. In discussing dissolution with Mr. Hedge and prior to any final agreement, did you discuss with him and tell him you had located such a place? A. Yes." "58 Q. Now, was there any discussion between you and him with reference to how you would equip this place? * * * A. No, I don't remember."

The defendant contends under his exceptions 1, 2, 3 and 4 that such testimony was inadmissible because it was an attempt to vary or contradict the written dissolution agreement in violation of the parole evidence rule. In our opinion the questions and answers themselves refute such contention. Obviously the responses of the witness do not tend to vary or contradict the agreement. Indeed the answers to questions 49 and 50 tend rather to confirm it, and those in response to questions 56 and 58 do not relate to any matters contained in the agreement. There was no error in the trial justice's rulings and therefore defendant's exceptions thereto are overruled.

At the conclusion of the evidence defendant presented certain requests to charge. Requests numbered 1 and 3 were refused. Such refusals are the subjects of defendant's exception numbered 7. Request numbered 1 reads as follows: "If you shall determine that the defendant is indebted to the plaintiff in any sum, you shall consider the testimony as presented by the parties as to the taking of the articles

of personal property by the plaintiff and if you shall find that the plaintiff did take said articles of personal property from the defendant you shall give credit to the defendant for the value of said articles of personal property as against the finding of any indebtedness by the defendant to said plaintiff."

The defendant contends that this instruction was necessary to enable the jury to determine whether the articles of personal property which plaintiff admitted he had taken were rightfully taken by him. There was a sharp conflict in the evidence on this point but such conflict resolved itself into a clear question of credibility between plaintiff and defendant as to whether he had given plaintiff the articles or they had been taken by plaintiff without defendant's consent.

After examining the charge as given we are of the opinion that defendant was not prejudiced by the refusal of this request. In the charge the trial justice clearly pointed out to the jury that if they believed the articles in question were partnership property plaintiff had no right to take them, but she also instructed them that defendant had the burden of proving that they had been taken illegally. If they believed the articles were handed over freely and voluntarily, she said, they would not be taken illegally. In this connection the jury was confronted with the question of credibility and on that point the trial justice had earlier in the charge clearly and positively instructed them. We are therefore of the opinion that defendant was not prejudiced by the refusal of this request.

Request numbered 3 is as follows: "You shall also consider the testimony of the defendant as to his being required to pay, and paying of, the sum of $350.00 to obtain an effectual conveyance of full and clear title of the real estate of the partnership and if you find that such payment was so made then you shall allow such payment to the

defendant as against any indebtedness that you might find to be due from the defendant to the plaintiff." The defendant contends that he was prejudiced by the refusal of this request because the testimony is undisputed that he was required to pay this sum to plaintiff's wife. There is no evidence that defendant was so obligated. The only testimony on this point is that he paid $350 to Mrs. Villa, not to plaintiff, for her signature to the deed. Whether or not she had a valid interest in the partnership real estate does not appear, but if she did it was a valuable interest belonging to her personally and not an asset of the partnership. In the absence of some evidence upon which to base the claim that this interest was contemplated by the parties as one which plaintiff had undertaken to sell and transfer under the dissolution agreement it was not error to refuse the request. *Dubois* v. *Graziani*, 87 R. I. 160.

Under exception numbered 7 defendant also contends that the trial justice erred in instructing the jury that if they found for plaintiff he would be "entitled to recover the amount due, plus interest" even though the dissolution agreement expressly provided that the "sum of two thousand dollars ($2,000.00) shall at no time bear any interest rate or charges." The defendant is mistaken in his construction of this provision. It merely refers to contractual interest for the use of money. As long as defendant made each annual payment punctually this provision was intended to absolve him from any implied obligation to pay conventional interest. It has no reference to interest which by legislative fiat or decisional law is added to a judgment of damages for default in the payment of money due under a contract. The trial justice correctly made this distinction and therefore she did not err in this portion of her charge.

The defendant makes a further contention under exception numbered 7 of error in the charge as given. He argues that the trial justice erred in instructing the jury as to the

definition of a gift, since he claims there is no evidence in the record upon which such an instruction could be predicated. The difficulty with defendant's argument is that he bases it more or less on the view that his testimony rather than plaintiff's is to be believed as to whether plaintiff illegally took the articles from the partnership premises or took them at the suggestion and with the consent of defendant. In view of the sharply conflicting testimony, the question of a gift of the articles was one upon which the jury was in need of and could be given proper instruction. In our opinion the trial justice did not err in this portion of the charge.

All of the contentions under exception numbered 7 having been found to be without merit, such exception is overruled. We may observe at this point that this method of presenting exceptions is not in accordance with established practice. An objection to a ruling of the trial justice should be the subject of a separate, independent exception, and should be briefed in this court in such manner as to be readily identifiable by reference to the transcript. *Frappier* v. *Frappier*, 64 R. I. 54.

The defendant's only remaining exception is to the denial of his motion for a new trial. In considering this motion we are satisfied from our examination of the transcript, which includes the trial justice's decision, that she exercised her independent judgment of the evidence and did not overlook or misconceive any of it favorable to defendant. In such circumstances we cannot disturb her decision on the weight of the evidence unless it is clearly wrong. *Wroblewski* v. *Grimley*, 88 R. I. 228.

The defendant seems to misapprehend the real issue which the jury had to decide. It was not whether plaintiff had proved the cause of action set out in his declaration. That issue was resolved by defendant as a result of his admissions in the affidavit of defense. While there was

testimony presented on such issue it was of no consequence since the real issue was whether or not the articles of property which plaintiff admitted he had taken from the partnership premises were taken with defendant's consent.

The testimony on such issue was sharply conflicting and raised a question of the credibility of the parties that was decisive. In her decision the trial justice dwelt on this question at length and expressly found that the defendant was not worthy of belief. She approved the verdict as consistent with the weight of the credible evidence. In our opinion she did not err and the defendant's exception is therefore overruled.

All of the defendant's exceptions briefed and argued are overruled, all others not briefed are deemed waived, and the case is remitted to the superior court for entry of judgment on the verdict.

*Crowe, Hetherington & Chester, Benjamin C. Chester,* for plaintiff.

*John M. Booth,* for defendant.